# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-389V
Filed: January 24, 2019

```
* * * * * * * * * * * * *
JOHN LOWE,                      *
                                *    UNPUBLISHED
          Petitioner,           *
                                *
v.                              *    Attorneys' Fees and Costs
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
          Respondent.           *
* * * * * * * * * * * * *
```

*Ronald Homer, Esq.*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Lisa Watts, Esq.*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On March 20, 2017, John Lowe ("Mr. Lowe" or "Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that a tetanus-diphtheria-acellular-pertussis ("Tdap") vaccination caused him to develop chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petition, ECF No. 1. On June 28, 2018, Petitioner filed a Motion for a decision dismissing his petition. ECF No. 32. The undersigned issued her Decision dismissing the petition on the same day. ECF No. 33.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On October 31, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 37 ("Fees App."). Petitioner requested total attorneys' fees and costs in the amount of $34,192.25 (representing $27,370.20 in attorneys' fees and $6,791.41 in costs). Fees App at 1. Pursuant to General Order No. 9, Petitioner indicated that he had personally incurred costs in the amount of $30.64. ECF No. 38. Respondent responded to the motion on November 8, 2018, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 39). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although Petitioner was not successful in pursuing his claim, the undersigned finds that both elements have been met. First, the undersigned does not doubt that Petitioner brought his claim in a good-faith belief that his vaccination played a causal role in his injury. Additionally, the claim possessed sufficient objective support to meet the second half of the reasonable basis test, and Respondent has not challenged the reasonable basis of the claim. Accordingly, a final award of attorneys' fees and costs is proper.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### a. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests various rates for the work of six Conway, Homer, P.C attorneys (Mr. Homer, Ms. Christina Ciampolillo, Ms. Meredith Daniels, Ms. Lauren Faga, Mr. Joseph Pepper, and Ms. Sylvia Chin-Caplan) as well as various paralegals and law clerks who performed work on the case. Fees App. at 24. I have reviewed the requested rates and find them to be in accordance with what has previously been awarded to Conway, Homer, P.C. attorneys and staff. *See H.J. v. Sec'y of Health & Human Servs.*, No. 11-301V, 2017 WL 2883889, at *3 (Fed. Cl. Spec. Mstr. June 2, 2017); *Harper v. Sec'y of Health & Human Servs.*, No. 15-1188V, 2018 WL 6006030, at *2 (Fed. Cl. Spec. Mstr. Oct. 15, 2018); *Rice v. Sec'y of Health & Human Servs.*, No. 15-1335V, 2018 WL 4784563, at *2 (Fed. Cl. Spec. Mstr. Aug. 27, 2018).

### b.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015–2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited September 8, 2017); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-ForumRate-Fee-Schedule2017.pdf (last visited September 8, 2017).

for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds the billing entries to be largely reasonable, with only minor reductions necessary due to the billing of administrative/clerical work. The majority of these entries concern preparing new records for summarization and electronic filing. *See* Fees App. (entries on 9/2/16, 9/12/16, 9/29/16, 10/11/16, 5/1/17, 5/19/17, 5/23/17). It is difficult to understand what work is actually being done for these entries. To the extent that they represent time spent preparing the records for filing, such as scanning records, that work is administrative and thus non-compensable. On the other hand, summarizing medical records for future use is a compensable task, but would appear to be double billing, as law clerks spent a substantial number of hours to review and summarize the same medical records. *See* Fees App. at 13 (law clerks billing a total of 8.4 hours in reviewing and summarizing exhibits). Accordingly, the undersigned will not compensate Petitioner for any of these entries. Other non-compensable entries include preparing and mailing a materials package for an expert (1.0 hours on 1/24/18), preparing a flash drive of materials for Petitioner (0.3 hours on 5/31/18 and 6/15/18), and "case finalization", a vague entry which does not explain what work is being performed (1.0 hours on 10/31/18).

Accordingly, the undersigned shall reduce the amount of fees awarded by **$1,214.90**. Petitioner is thus awarded final attorneys' fees in the amount of **$26,155.30**.

### c. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $6,791.41 in costs. The undersigned has reviewed the requested costs for reasonableness and finds all of the requested amounts reasonable and supported by adequate documentation. Accordingly, Petitioner is entitled to attorneys' costs in the amount of **$6,791.41**.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that he has personally incurred costs in the amount of $30.64 in pursuit of this litigation. Petitioner has provided adequate documentation for these costs, and they too shall be awarded in full.

## III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

1) **A lump sum in the amount of $32,946.71, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Mr. Ronald Homer; and**

2) **A lump sum in the amount of $30.64, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth<br>
Mindy Michaels Roth<br>
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).